C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ALFRED SMITH,

                           Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-3665 (BMC)

**COGAN**, District Judge.

      Plaintiff *pro se* seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that he does not qualify for a waiver of an overpayment made to him by the Social Security Administration.  Plaintiff has not opposed the Commissioner's motion for judgment on the pleadings, but in light of his *pro se* status, the Court has considered what arguments may be made in his favor.  For the reasons stated below, the Commissioner's motion for judgment on the pleadings is granted.

## BACKGROUND

      Due to back problems, plaintiff began receiving disability insurance benefits in May 2012.  At the time he applied for disability benefits, plaintiff disclosed that he was already collecting $450 per week in workers' compensation benefits.  Because the Social Security Administration offsets disability benefits in accordance with workers' compensation benefits, plaintiff was instructed in his application to report any "changes in the amount of Workers' Compensation or other public disability benefits."  That notice was preceded by the following warning, in bold capital letters: "IMPORTANT INFORMATION.  PLEASE READ THE

FOLLOWING CAREFULLY AND SIGN BELOW." Plaintiff signed his name. The same notice to disclose any change in benefits was also included in plaintiff's initial award letter.

After several years, the Social Security Administration asked plaintiff to provide updated information on his workers' compensation benefits and plaintiff granted the agency permission to review his record. It was thereafter determined that plaintiff had been overpaid since December 2012 due to his failure to report the increase in his workers' compensation benefits. The Social Security Administration issued plaintiff a notice informing him that it had overpaid his Title II benefits by $17,248 and that the money would be recouped by withholding smaller sums from future payments.

Plaintiff requested a waiver of his overpayment, which was declined because it was determined that he was at fault for failing to timely report his benefits increase. Plaintiff subsequently requested an administrative hearing and the ALJ found that he was at fault for "failure to furnish information which he knew, or should have known, to be material." The Appeals Council denied plaintiff's appeal.

## DISCUSSION

If the Social Security Administration finds that it has overpaid a benefits recipient, the Commissioner "may require [that person] to refund the amount paid in excess of the correct amount." Center v. Schweiker, 704 F.2d 678, 680 (2d Cir. 1983). However, "there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1).

Whether a claimant was at fault in connection with his overpayment is a factual matter, and thus "the district court must uphold a decision by the [Commissioner] that a claimant was [at

fault] if it is supported by substantial evidence in the record as a whole." See Valente v. Sec. of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984) (citing 42 U.S.C. § 405(g) and Center, 704 F.2d at 679-80). Critically, bad faith is not required to show fault and "even an honest mistake" is insufficient to waive the overpayment. See Hill, ex rel. Hill v. Comm'r of Soc. Sec., 417 F. App'x 103, 104 (2d Cir. 2011); Center, 704 F.2d at 680. "Further, the issues of whether repayment would defeat the purposes of the Act or be against equity or good conscience implicate an exercise of informed judgment, and the [Commissioner] has considerable discretion in making these determinations." Valente, 733 F.2d at 1041 (*colatus*[1]). The claimant bears the burden of proving both absence of fault and that policy or equity considerations support waiver in his case. See Nieves v. Comm'r of Soc. Sec., No. 15-cv-4460, 2016 WL 3791126, at *3 (S.D.N.Y. July 12, 2016) (citing Valente, 733 F.2d at 1042), report and recommendation adopted, 2016 WL 4131836 (S.D.N.Y. Aug. 1, 2016).

The substantial evidence standard requires that a decision be supported "by more than a mere scintilla" of evidence, or, otherwise stated, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "[O]nce an ALJ finds facts, [a court] can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise.*'" Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original) (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994)).

Here, the ALJ found that plaintiff "knew, or should have known, about his income reporting requirements":

> When [plaintiff] filed his initial disability application, he completed and signed a form that detailed his Workers' Compensation benefits at that time. This put him on notice that the information was relevant. Above the signature line, the form

---

[1] I.e., edited citation.

3

> states "I agree to report entitlement and/or changes in the amount of Workers' Compensation or other public disability benefit. I understand that such benefits may affect Social Security payments or result in an overpayment which I may have to pay back." The claimant also received a follow up letter asking him to submit his Workers' Compensation award letters to the Social Security Administration.
>
> Page four of the [plaintiff's] April 2012 award letter specifically stated that it was "important" to let the agency know if there was "any change in the Workers' Compensation payment or in any public disability payment[]" the [plaintiff] received.

The ALJ's conclusion is supported both by substantial evidence in the record and by common sense. Plaintiff was confronted with at least three warnings that he was required to alert the Social Security Administration if his level of benefits from other agencies changed. And on at least one occasion plaintiff was required to, and did, sign his name in acknowledgement of that duty. Only six months had passes since he received his award letter when plaintiff's workers' compensation benefits were significantly increased; the ALJ's finding that plaintiff was at fault for disregarding – consciously or not – these prior warnings was thus not unreasonable.

Furthermore, the fact that plaintiff was required to supply his workers' compensation information upon applying for social security disability benefits provides reasonable notice that a change in the level of benefits would be relevant information for the agency. In fact, plaintiff had previously traveled to his Social Security office on several occasions to inform staff about the fluctuations in his workers' compensation benefits. As he explained during his hearing, he made these trips so that the Social Security Administration "would know I was doing the right thing." It appears plaintiff stopped going because he assumed Administration "kn[e]w everything" that was happening with his benefits. But even if true – which the Court has no reason to doubt – it would evidence an "honest mistake," which does not contradict the ALJ's finding of fault. See Hill, ex rel. Hill, 417 F. App'x at 104; Center, 704 F.2d at 680.

4

Of course, a claimant's "age and intelligence, and any physical, mental, educational, or linguistic limitations," are also relevant considerations, see 20 C.F.R. § 404.507, as the ALJ noted in his decision.  But a review of the record shows that plaintiff was born in 1968, is well-spoken, received his high school diploma, and does not have any apparent mental limitations.  Thus, none of these factors counsel in favor of waiver.

## CONCLUSION

The Commissioner's [14] motion for judgment on the pleadings is granted.  The Clerk is directed to enter judgment, dismissing the case.

**SO ORDERED.**

                                                    U.S.D.J.

Dated:  Brooklyn, New York
            May 30, 2020